# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 8, 2013

No. 12-20365
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RUBEN MICHAEL REYES,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CR-517-1

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Ruben Michael Reyes appeals the sentence imposed upon his conviction for being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g)(1). Having been previously convicted of three violent felonies - attempted murder, aggravated assault with a deadly weapon, and burglary of a habitation - Reyes's sentence was enhanced under the Armed Career Criminal Act (ACCA) to a statutory minimum of 180 months of imprisonment. *See* 18 U.S.C. § 924(a)(2) & (e).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-20365

Reyes argues that the district court erred in refusing to consider the legality of his Texas conviction for aggravated assault with a deadly weapon. This conviction is void, he argues, because he was sentenced to only two years of imprisonment, and the Texas statute of conviction provides for a statutory minimum sentence of 15 years.  This argument is foreclosed by *United States v. Custis*, 511 U.S. 485 (1994), in which the Court held that with the sole exception of convictions obtained in violation of the right to counsel, a defendant in a federal sentencing proceeding has no right to collaterally attack the validity of previous state convictions used to enhance his sentence under the ACCA. *Custis*, 511 U.S. at 487; *see also McNeill v. United States*, 131 S. Ct. 2218, 2223 (2011)(an ACCA case noting that definition of "crime punishable by imprisonment for a term exceeding one year" "creates a clear negative implication that courts *may* count a conviction that has *not* been set aside")(internal citation and quotation marks omitted).  His general argument that his conviction for aggravated assault is not of the type that was intended to be used for enhancement under the ACCA lacks merit.  *See United States v. Martinez*, 962 F.2d 1161, 1167-68 (5th Cir. 1992).

AFFIRMED.